**Djelosh DONOVIC, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

**No. 02–4405.**

United States Court of Appeals, Sixth Circuit.

June 18, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Allen W. Hausman, James A. Hunolt, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before: DAUGHTREY, GIBBONS, and COOK, Circuit Judges.

## ORDER

Djelosh Donovic, a native and citizen of Montenegro in the former Republic of Yugoslavia, petitions for review of the decision by the Board of Immigration Appeals (BIA) that affirmed the decision of an immigration judge (IJ) that denied Donovic's application for asylum and withholding of deportation. The parties are represented by counsel and have waived oral argument, and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Donovic entered the United States in March 1992 as a visitor for pleasure. The Immigration and Naturalization Service began deportation proceedings against Donovic in December 1993 because he overstayed his visa. Donovic conceded deportability and applied for asylum and withholding of deportation. An IJ held a hearing in March 1998. Donovic, an ethnic Albanian, said that he feared returning to Montenegro because he failed to respond to a draft notice in October 1991 and had expressed political views. The IJ denied Donovic asylum and withholding of deportation and granted him voluntary departure. The BIA adopted and affirmed the IJ's decision in November 2002. Donovic filed a timely petition for review.

In his petition for review, Donovic argues that: (1) the BIA's summary affirmance constituted a failure to engage in meaningful review and violated his Fifth Amendment right to due process; (2) the IJ and the BIA disregarded substantial evidence submitted in support of Donovic's asylum claim; and (3) the IJ and the BIA abused their discretion in denying Donovic's asylum claim and/or withholding of deportation claim.

We review the BIA's factual findings under the substantial evidence standard. See Damon v. Ashcroft, 360 F.3d 1084, 1088 (9th Cir.2004). "The asylum applicant bears the burden of establishing that he or she qualifies as a refugee 'either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution.'" Ouda v. INS, 324 F.3d 445, 451 (6th Cir. 2003) (quoting 8 C.F.R. § 208.13(b)). The persecution must be on account of one of the five statutorily protected grounds: race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42).

Upon review, we conclude that the petition for review must be denied. The IJ found that Donovic had not presented objective evidence of past persecution, and also noted that ethnic Albanians were treated better in Montenegro than in

other parts of the former Yugoslavia. With respect to the order for Donovic to report for military service, the IJ found no evidence that Donovic's refusal to serve in the military would result in disproportionately severe punishment or that he would be required to commit human rights abuses. *See Barraza Rivera v. INS,* 913 F.2d 1443, 1451–52 (9th Cir.1990); *M.A. v. U.S. INS,* 899 F.2d 304, 312 (4th Cir.1990). The BIA added that Donovic had not provided details of his alleged detention by Serbians, and that his protest activities in the United States, an issue he first raised on appeal to the BIA, did not support a well-founded fear of persecution upon return to Montenegro. The BIA's conclusions are supported by substantial evidence.

Finally, because Donovic did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of deportation. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Donovic's arguments on appeal are without merit. This court recently held that the BIA's practice of affirming the IJ's decision summarily does not violate the alien's rights to due process. *Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003).

For the foregoing reasons, we deny the petition for review.